IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PHIL RAPP D/B/A RAPP RANCH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-00230-P |
| | § | |
| TIM SINE; SINE RANCH LLC, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Phil Rapp d/b/a Rapp Ranch's ("Plaintiff") Motion to Remand (ECF No. 12), Defendants Tim Sine ("Sine") and Sine Ranch, LLC ("Sine Ranch," and together with Sine, "Defendants") Response in Opposition to Plaintiff's Motion to Remand (ECF No. 16), and Plaintiff's Memorandum in Reply (ECF No. 17). Having considered the motion, related briefing, and applicable law, the Court finds that Plaintiff's Motion to Remand (ECF No. 12) should be and hereby is **DENIED.**

### BACKGROUND

Plaintiff is a horse-trainer who owns and operates Rapp Ranch in Weatherford, Texas. Mot. to Remand, p. 2. Plaintiff alleges that Rapp Ranch provided board, care, evaluation and training to three of Defendants' cutting horses in 2018. *Id.* According to Plaintiff, Defendants moved their horses from Rapp Ranch in July 2018 and failed to pay for services rendered, leaving a balance due of approximately $8,650 worth of board and training bills. Plaintiff claims that Defendants made an interim payment that reduced the balance to approximately $7,150.07. *Id.*

Plaintiff initiated the instant matter on December 26, 2019 by filing his Original Petition and Request for Disclosures against Defendants in the 43rd Judicial District Court of Parker County, Texas. ECF No. 1, Ex. 4. Plaintiff asserted claims for breach of contract, fraudulent inducement, aiding/abetting and civil conspiracy to defraud, and theories of recovery under quantum meruit and vicarious liability. *Id*. Plaintiff sought monetary relief in excess of $50,000 in the form of direct damages for breach of contract and fraud; exemplary and/or treble damages for fraud, aiding and abetting, and civil conspiracy; statutory attorneys' fees and costs of suit; and pre- and post-judgment interest. *Id*. Plaintiff also stated that "[a]s discovery takes place and testimony is given, [Plaintiff] will be in a better position to provide the maximum amount of damages sought." *Id*. at p. 29. Plaintiff filed no affidavit or stipulation with the Court fixing the amount of damages Plaintiff seeks.

Defendants timely filed their notice of removal pursuant to 28 U.S.C. § 1446(b). *Id*. Following removal, Defendants filed their Answer (ECF No. 4) on March 19, 2020. Plaintiff filed his Motion to Remand this action to state court on April 11, 2020, Defendants filed their Response on August 5, 2020,[1] and Plaintiff filed a reply brief on August 19, 2020. Plaintiff's Motion to Remand is now fully briefed and ripe for review.

## LEGAL STANDARDS

District courts have original jurisdiction in civil actions where the matter in controversy exceeds $75,000 and complete diversity exists between the parties. 28 U.S.C.

---

[1]The Court granted Defendants' Unopposed Motion for Leave to File Late Response to Plaintiff's Motion for Remand (ECF No. 13), delaying the deadline for Defendants to file their Response until August 5, 2020. ECF No. 15.

§ 1332(a). Accordingly, a civil action filed in state court may be removed to the district court if the matter in controversy exceeds $75,000 and complete diversity exists between the parties, provided that no defendant is a resident of the forum state. *See id.*; *see also* § 1441(a)–(b).

"In removal practice, when a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)). "The test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional limits of the Court]." *See Allen*, 63 F.3d at 1336. "The district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount." *St. Paul Reinsurance Co.*, 134 F.3d at 1253. "If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *Id.* "The jurisdictional facts that support removal must be judged at the time of the removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citing *Allen*, 63 F.3d at 1335).

Once the party invoking federal jurisdiction has proven by a preponderance of the evidence that the amount in controversy likely exceeds $75,000, removal is proper unless the party seeking to remand the case can show to a "legal certainty" that any recovery will not exceed the jurisdictional threshold. *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1411–12 (5th Cir. 1995). Given that removal raises significant federalism concerns, any doubts

about the propriety of removal are resolved in favor of remand. *Gutierrez v. Florez*, 543 F.3d 248, 251 (5th Cir. 2008). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## ANALYSIS

In the present action, the Parties' diversity of citizenship is not disputed. The only issue is whether the required showing has been made that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Plaintiff argues that this case should be remanded to the 43rd Judicial District Court of Parker County, Texas because his Original Petition does not specifically articulate an amount in controversy, and Defendants failed to meet their burden of proving the amount in controversy is more likely than not in excess of $75,000. *Id*. at 6. In support of that position, Plaintiff argues in conclusory fashion that after conference between the Parties on March 4, 2020 "Defendants' counsel knew that [Plaintiff's] claims could be resolved . . . for $9,000–$10,000," and that Defendants' "Notice of Removal affords no reader a credible calculation of how a sophisticated insurance agent like Mr. Sine can make a federal case out of a $7,150.07 arrearage." *Id*. at 7. The Court notes that Plaintiff does not provide the Court with any cases in support the notion that the amount in controversy should be determined by the amount counsel for the Parties propose for a potential settlement. To the contrary, evidence of such settlement negotiations are typically not admissible for the purpose of proving the amount of a disputed claim. *See* Tex. R. Evid. 408(a) and Fed. R. Evid. 408(a). The Court further notes that Plaintiff did not specify the exact dollar figure he

4

believes is the correct calculation of the amount in controversy, opting instead to generalize that it falls somewhere below $75,000.

Defendants counter that Plaintiff's claims for attorneys' fees and exemplary damages must be considered when determining the amount in controversy for jurisdictional purposes, and that those claims increase the amount in controversy beyond $75,000 in the present case. Defs.' Resp., p. 2. Defendants highlight that "Chapter 41.008 of the Texas Civil Practice and Remedies Code authorizes exemplary damages for claimants seeking recovery for damages resulting from fraud . . . [in an amount] up to twice the amount of actual damages plus non-economic damages up to $750,000, or $200,000, whichever is greater." *Id.* (citing TEX. CIV. PRAC. AND REM. CODE § 41.008(b)). In the alternative, Defendants argue that the attorneys' fees that Plaintiff seeks under Texas Civil Practice and Remedies Code § 38.001 will cause the total amount in controversy to surpass $75,000. *Id.* at p. 7.

The Court agrees with Defendants that the relief Plaintiff seeks on the face of his Original Petition exceeds $75,000. "[U]nder Texas law, punitive damages are included within the definition of exemplary damages." *Cantu v. Allstate Vehicle*, 2016 WL 1695284, at *2 (S.D. Tex. Apr. 28, 2016) (citing TEX. CIV. PRAC. & REM. CODE § 41.001(5)); *see also White v. FCI USA, Inc.*, 319 F.3d 672, 674–76 (5th Cir. 2003) (affirming finding that alleged compensatory damages or punitive damages alone in wrongful termination case would exceed $75,000). "[A]n exemplary damages award can result in an increase of up to at least $200,000 for a plaintiff." *Id.* (citing TEX. CIV. PRAC. & REM. CODE § 41.008(b)). "[T]he Fifth Circuit has held that punitive damages are to be

5

considered in ascertaining the amount in controversy when the [defendant] could be liable for those sums under state law." *Id*. (citing *St. Paul Reinsurance Co.*, 134 F.3d at 1253) (quotations omitted); *see also Bologna v. Enhanced Recovery Co., LLC*, 2015 WL 1780881, at *3 (N.D.W. Va. Apr. 20, 2015) ("When there is a maximum penalty dictated by statute, it is appropriate to measure the amount in controversy by the maximum penalty and not by how much the plaintiff is likely to be awarded."); *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("Where a statutory maximum is specified, courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met.").

Here, Plaintiff sought damages from fraud, and § 41.008(b) authorizes up to $200,000 in exemplary damages for claimants seeking damages resulting from fraud. TEX. CIV. PRAC. & REM. CODE § 41.008(b). Accordingly, even if a reasonable calculation of Plaintiff's recoverable attorneys' fees would not ultimately be enough to surpass $75,000, "the Court believes the judicial threshold requirement of $75,000 could easily be met if Plaintiff's claim for exemplary damages is successful." *Cantu*, 2016 WL 1695284, at *2. Moreover, Plaintiff has not demonstrated in any fashion—much less to a legal certainty—that recovery will not exceed the jurisdictional threshold. Accordingly, Defendants have satisfied their burden of establishing that removal was proper, and Plaintiff's Motion to Remand should be **DENIED**.

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's Motion to Remand (ECF No. 12), should be and hereby is **DENIED**.

**SO ORDERED** on this **11th day** of **September, 2020**.

_Mark T. Pittman_
Mark T. Pittman
UNITED STATES DISTRICT JUDGE